## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

PNC Bank, National Association, successor to
National City Bank, successor in interest to Mid
America Bank, fsb

                                  Plaintiff, | Case No.

                v. | Assigned Judge:

Apartamentos Velazquez, Inc., an Illinois | Magistrate Judge:
corporation; Jose L. Velazquez

                           Defendants.

## COMPLAINT

NOW COMES the Plaintiff, PNC Bank, National Association, successor to National City Bank, successor in interest to Mid America Bank, fsb (the "Plaintiff" or "PNC"), by and through its attorneys Crowley & Lamb, P.C. and for its complaint against defendants Apartamentos Velazquez, Inc., an Illinois corporation and Jose L. Velazquez, states as follows:

### JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction in this lawsuit pursuant to 28 U.S.C. §1332(a), because the matter in controversy is between citizens of different states and exceeds the sum of $75,000, exclusive of interest and costs.

2.     This Court has personal jurisdiction over each of the defendants under 735 ILCS 5/2-209(a) & (b).

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

### THE PARTIES AND FACTUAL BACKGROUND

4.     PNC is a national banking association, the main office of which is located in the State of Pennsylvania and the state designated on its organization certificate is Delaware. On March 17, 2009, the Comptroller of Currency certified the merger of National City Bank and PNC Bank. On

February 12, 2008, the Comptroller of Currency certified the merger of Mid America Bank and National City. See *Group Exhibit A*.

5. The defendant, Apartamentos Velazquez, Inc., an Illinois corporation, was at all times referenced in this Complaint, domiciled in the State of Illinois.

6. The defendant, Jose L. Velazquez is a citizens of the State of Illinois, and was at all times referenced in this Complaint, domiciled in the State of Illinois.

### COUNT I - BREACH OF CONTRACT - $600,000.00 LOAN -

7. On or about July 29, 2005, Plaintiff, extended credit to Apartamentos Velazquez, Inc., an Illinois corporation ("Borrower") in the amount of $600,000.00 (the "Loan"). As evidence of the Loan, Borrower executed a Promissory Note ("Note") in favor of the Plaintiff dated July 29, 2005, in the principal amount of $600,000.00. A copy of which Note is attached hereto as *Exhibit B* and by express reference made a part hereof.

8. As security for the indebtedness of Borrower due Plaintiff pursuant to the terms of the Note, including those obligations arising under the Note, Borrower executed a certain Mortgage dated July 29, 2005 and recorded with the Cook County Recorder of Deeds (the "Recorder"), as Document No. 0522835308 (the "Mortgage") against the property commonly known as 1203 N. 34th Avenue, Melrose Park, Illinois 60160 (the "Property"). A copy of the Mortgage is attached hereto as *Exhibit C* and by express reference is made a part hereof.

9. As additional security for the Loan, on or about July 29, 2005, Jose L. Velazquez executed and delivered to Plaintiff his Guaranty ("Guaranty"), whereby Jose L. Velazquez guaranteed payment of all amounts due in connection with the Loan and all obligations of Borrower

under the Mortgage. A copy of the Guaranty is attached hereto as *Exhibit D* and by express reference is made a part hereof.

10.     Borrower allowed events of default to occur under the terms of the Note and Mortgage due to Borrower's (i) failure to comply with the insurance requirements set forth in Section 6 of the Mortgages; and (ii) failure to comply with requirement to provide PNC Bank with copies of the Borrower's books, records and financial statements set forth in Section 16 of the Mortgages; and (iii) failure to provide the financial reporting information to PNC Bank as requested by PNC Bank.

11.     As a result of said defaults, the Plaintiff accelerated all indebtedness under the Note.

12.     On August 8, 2014 and then again on September 16, 2014, Plaintiff advised Borrower and Jose L. Velazquez of the default and demanded payment in full of all outstanding amounts due Plaintiff in connection with the Note and Mortgage. A true and correct copy of Plaintiff's August 8, 2014 and September 16, 2014 correspondence are attached as *Group Exhibit E* and by express reference made a part hereof.

13.     Neither Borrower, Jose L. Velazquez, nor any party on behalf of the Borrower paid the amounts due Plaintiff with respect to the Note and Mortgage.

14.     That Plaintiff and its predecessor in interest National City Bank, successor in interest to Mid America Bank, fsb, fully complied with all terms of the Note and the Mortgage.

15.     As of September 16, 2014, there was (a) principal due and owing under the Note in the total amount of $465,454.13, (b) interest due and owing under the Note (at the Note Rate) in the total amount of $1,018.42 and (c) additional legal and consultant fees and expenses, appraisal fees,

and other costs incurred under the Note and Mortgage (collectively, the "Loan Documents") not included therein.

16. By reason of the foregoing, based upon its breach of the Note, as of September 16, 2014, Apartamentos Velazquez, Inc., an Illinois corporation is indebted to the Plaintiff in the amount of $466,472.55 consisting of (a) principal due and owing under the Note in the total amount of $465,454.13, (b) interest due and owing under the Note (at the Note Rate) in the total amount of $1,018.42 and (c) additional legal and consultant fees and expenses, appraisal fees, and other costs incurred under the Note and Mortgage (collectively, the "Loan Documents") not included therein.

WHEREFORE, the Plaintiff, PNC Bank, National Association, successor to National City Bank, successor in interest to Mid America Bank, fsb, respectfully requests that this Court enter judgment in its favor and against the defendants Apartamentos Velazquez, Inc., an Illinois corporation in the amount of $466,472.55, plus interest, late charges, attorneys fees and additional costs accruing from and after September 16, 2014, and for such other and further relief as is just.

## COUNT II – BREACH OF GUARANTY - $600,000 LOAN

17. The Plaintiff realleges and incorporates by reference paragraphs 1-16 above as paragraph 17 of this Count II as if fully set forth herein.

18. In consideration of PNC's extension of the Loan to Borrower, on or about July 29, 2005, Jose L. Velazquez signed a Guaranty in favor of PNC. A true and correct copy of the Guaranty is attached hereto and incorporated as *Exhibit D*.

19. The Guaranty is an unconditional and irrevocable guaranty of payment and performance pursuant to which Jose L. Velazquez guaranteed to PNC the punctual payment when

due, whether at stated maturity or by acceleration or otherwise, of the indebtedness and other obligations of Apartamentos Velazquez, Inc., an Illinois corporation to PNC evidenced by the Note and any other amounts that may become owing by Apartamentos Velazquez, Inc., an Illinois corporation.

20.    Notwithstanding Borrower's default under the terms of the Note and Guaranty and Plaintiff's acceleration and demand for payment. Guarantor, Jose L. Velazquez, has made no payment on behalf of Borrower to satisfy the balance due and owing to PNC under the Note.

21.    Failure to satisfy all amounts due and owing to PNC under the Note is an event of default under the terms of the Guaranty.

22.    Pursuant to the terms of the Guaranty, PNC is entitled to attorneys' fees and costs incurred in connection with enforcing its rights under the Note and Guaranty.

23.    As of September 16, 2014, there is a total amount due and owing PNC under the Note $466,472.55, excluding attorney's fees and costs. Interest continues to accrue on the Note at the default rate set forth in the Note.

WHEREFORE, the Plaintiff, PNC Bank, National Association respectfully requests that this Court enter judgment in its favor and against the defendant, Jose L. Velazquez, for the amounts due and owing under the Note in the amount of $466,472.55 plus default interest, attorneys' fees and additional costs accruing from and after September 16, 2014, and for such other and further relief as is just.

## COUNT III - FORECLOSURE OF MORTGAGE - $600,000 LOAN

24.    The Plaintiff realleges and incorporates by reference paragraphs 1-16 above as paragraph 24 of this Count III as if fully set forth herein.

25.     The Plaintiff files this Count III pursuant to 735 ILCS 5/15-1101, _et seq_., to foreclose the Mortgage, and in connection therewith joins the following persons as defendants:

(a)     Apartamentos Velazquez, Inc., an Illinois corporation
(b)     Jose L. Velazquez

26.     Attached are the following exhibits which are true and correct copies of the originals thereof:

A.     _Exhibit B_ is a copy of the Note;
B.     _Exhibit C_ is a copy of the Mortgage;
C.     _Exhibit D_ is a copy of the Guaranty of Jose L. Velazquez; and
D.     _Group Exhibit E_ are copies of the Default Letters dated August 8, 2014 and September 16, 2014

27.     Information concerning the Mortgage:

A.     Nature of Instrument:  Mortgage

B.     Date of Mortgage:     July 29, 2005

C.     Name of Mortgagor:    Apartamentos Velazquez, Inc., an Illinois corporation

D.     Name of Mortgagee:    Mid America Bank, fsb, predecessor to PNC Bank, National Association

E.     Date and place of recording:  August 18, 2005 in the Office of the Recorder of Deeds of Cook County, Illinois

F.     Identification of recording:    Document No. 0522835308

G.     Interest subject to Mortgagee: Fee simple

H.     Amount of original indebtedness, including subsequent advances made under the mortgage:

SIX HUNDRED THOUSAND AND 00/100THS DOLLARS ($600,000.00)

I.  Legal description, common address and property identification number of the mortgaged real estate:

LOT 4 IN BLOCK 5 IN HENRY SOFFEL'S SECOND ADDITION TO MELROSE PARK IN SECTION 4, TOWNSHIP 39 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS

Permanent Index No. 15-04-309-005-0000

Commonly Known As: 1203 N. 34th Avenue, Melrose Park, IL 60160

J.  Statement as to defaults and amounts now due:

The mortgagors defaulted under the Mortgage for (i) failure to comply with the insurance requirements set forth in Section 6 of the Mortgages; and (ii) failure to comply with requirement to provide PNC Bank with copies of the Borrower's books, records and financial statements set forth in Section 16 of the Mortgages; and (iii) failure to provide the financial reporting information to PNC Bank as requested by PNC Bank.

The amount now due by Apartamentos Velazquez, Inc., an Illinois corporation to the Plaintiff as of September 16, 2014, not including additional attorneys' fees and expenses, appraisal fees, title charges and other costs incurred under the Loan Documents:

| | |
|---|---|
| Unpaid Principal | $465,454.13 |
| Unpaid Interest | 1,018.42 |
| TOTAL | $466,472.55 |

Interest continues to accrue on said balance at the default rate set forth in the Note.

K.  Name of present owner of the mortgaged premises:

Apartamentos Velazquez, Inc., an Illinois corporation

L.  Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

Jose L. Velazquez

M.   Name of defendants claimed to be personally liable for deficiency, if any:

Jose L. Velazquez

N.   Capacity in which Plaintiff brings this foreclosure: As mortgagee under the Mortgage recorded as Document No. 0522835308, and owner and holder of the subject Note.

O.   Facts in support of shortened redemption period: The Mortgage expressly provides that the mortgagor waives any and all rights of redemption from sale under any order or decree of foreclosure of the Mortgage.

P.   Statement that the right of redemption has been waived by all owners of redemption: The Mortgage expressly provides that the mortgagor waives any and all rights of redemption from sale under any order or decree of foreclosure of the Mortgage.

Q.   Facts in support of request for attorneys' fees, costs and expenses, if applicable: Plaintiff is entitled to recover all expenses including, but not limited to, attorney's fees and costs, that it incurs pursuant to the terms of the Mortgage.

R.   Facts in support of request for appointment of mortgagee-in-possession or for appointment of a receiver, and the identity of the receiver if sought: Plaintiff reserves the right to enforce any provisions of the Mortgage where by the Mortgagor authorized the appointment of a receiver upon the filing of a complaint to foreclose the Mortgage.

S.   Offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the Mortgage without judicial sale: The Plaintiff does not make such offer.

T.     Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated, and, if not elsewhere stated, the facts in support thereof: Apartamentos Velazquez, Inc., an Illinois corporation and Jose L. Velazquez

Plaintiff requests for:

A.     an order for the appointment of a receiver, if requested;

B.     a judgment of foreclosure of the Mortgage and sale of the subject property for payment of its lien and costs.

C.     confirmation of the foreclosure sale and issuance of a deed to the purchaser;

D.     personal deficiency judgments to the extent any should so exist at the time of confirmation of the foreclosure sale;

E.     a judgment for attorneys' fees, costs and expenses; and

F.     such other and further relief as the Court deems just.

## COUNT IV - BREACH OF CONTRACT - $1,089,475.00 LOAN

1-6.     Plaintiff realleges and incorporates by reference paragraphs 1-6 above as paragraphs 1-6 of this Count IV as if fully set forth herein.

7.     On or about August 1, 2007, Plaintiff, extended credit to Apartamentos Velazquez, Inc., an Illinois corporation ("Borrower") in the amount of $1,089,475.00 (the "Loan"). As evidence of the Loan, Borrower executed a Promissory Note ("Note") in favor of the Plaintiff dated August 1, 2007, in the principal amount of $1,089,475.00. A copy of which Note is attached hereto as *Exhibit F* and by express reference made a part hereof.

8.     As security for the indebtedness of Borrower due Plaintiff pursuant to the terms of the Note, including those obligations arising under the Note, Borrower executed a Mortgage dated

August 1, 2007 (the "Mortgage") against the properties commonly known as 1910-12 Division Street, Melrose Park, Illinois 60160 (the "Cook County Property") and 400 N. Beverly, Villa Park, Illinois 60181 (the "DuPage County Property") (collectively the "Property"); which Mortgage is recorded in both Cook County, Illinois and DuPage County, Illinois. A copy of the Mortgage is attached hereto as *Exhibit G* and by express reference is made a part hereof.

9.     As additional security for the Loan, on or about August 1, 2007, Jose L. Velazquez executed and delivered to Plaintiff his Guaranty ("Guaranty"), whereby Jose L. Velazquez guaranteed payment of all amounts due in connection with the Loan and all obligations of Borrower under the Mortgage. A copy of the Guaranty is attached hereto as *Exhibit H* and by express reference is made a part hereof.

10.     Borrower allowed events of default to occur under the terms of the Note and Mortgage due to Borrower's (i) failure to comply with the insurance requirements set forth in Section 6 of the Mortgage; and (ii) failure to comply with requirement to provide PNC Bank with copies of the Borrower's books, records and financial statements set forth in Section 16 of the Mortgage; and (iii) failure to provide the financial reporting information to PNC Bank as requested by PNC Bank.

11.     As a result of said defaults, the Plaintiff accelerated all indebtedness under the Note.

12.     On August 8, 2014 and then again on September 16, 2014, Plaintiff advised Borrower and Jose L. Velazquez of the default and demanded payment in full of all outstanding amounts due Plaintiff in connection with the Note and Mortgage. A true and correct copy of Plaintiff's August 8, 2014 and September 16, 2014 correspondence are attached as *Group Exhibit E* and by express reference made a part hereof.

13.     Neither Borrower, Jose L. Velazquez, nor any party on behalf of the Borrower paid the amounts due Plaintiff with respect to the Note and Mortgage.

14.     That Plaintiff and its predecessor in interest National City Bank, successor in interest to Mid America Bank, fsb, fully complied with all terms of the Note and the Mortgage.

15.     As of September 16, 2014, there was (a) principal due and owing under the Note in the total amount of $991,052.00, (b) interest due and owing under the Note (at the Note Rate) in the total amount of $2,553.60 and (c) additional legal and consultant fees and expenses, appraisal fees, and other costs incurred under the Note and Mortgage (collectively, the "Loan Documents") not included therein.

16.     By reason of the foregoing, based upon its breach of the Note, as of September 16, 2014, Apartamentos Velazquez, Inc., an Illinois corporation is indebted to the Plaintiff in the amount of $991,052.00 consisting of (a) principal due and owing under the Note in the total amount of $991,052.00, (b) interest due and owing under the Note (at the Note Rate) in the total amount of $2,553.61 and (c) additional legal and consultant fees and expenses, appraisal fees, and other costs incurred under the Note and Mortgage (collectively, the "Loan Documents") not included therein.

WHEREFORE, the Plaintiff, PNC Bank, National Association, successor to National City Bank, successor in interest to Mid America Bank, fsb, respectfully requests that this Court enter judgment in its favor and against the defendants Apartamentos Velazquez, Inc., an Illinois corporation in the amount of $991,052.00, plus interest, late charges, attorneys fees and additional costs accruing from and after September 16, 2014, and for such other and further relief as is just.

## COUNT V – BREACH OF GUARANTY - $1,089,475.00 LOAN

17.     The Plaintiff realleges and incorporates by reference paragraphs 1-16 above as paragraph 17 of this Count V as if fully set forth herein.

18.     In consideration of PNC's extension of the Loan to Borrower, on or about August 1, 2007, Jose L. Velazquez signed a Guaranty in favor of PNC.  A true and correct copy of the Guaranty is attached hereto and incorporated as *Exhibit H*.

19.     The Guaranty is an unconditional and irrevocable guaranty of payment and performance pursuant to which Jose L. Velazquez guaranteed to PNC the punctual payment when due, whether at stated maturity or by acceleration or otherwise, of the indebtedness and other obligations of Apartamentos Velazquez, Inc., an Illinois corporation to PNC evidenced by the Note and any other amounts that may become owing by Apartamentos Velazquez, Inc., an Illinois corporation.

20.     Notwithstanding Borrower's default under the terms of the Note and Guaranty and Plaintiff's acceleration and demand for payment. Guarantor, Jose L. Velazquez, has made no payment on behalf of Borrower to satisfy the balance due and owing to PNC under the Note.

21.     Failure to satisfy all amounts due and owing to PNC under the Note is an event of default under the terms of the Guaranty.

22.     Pursuant to the terms of the Guaranty, PNC is entitled to attorneys' fees and costs incurred in connection with enforcing its rights under the Note and Guaranty.

23.     As of September 16, 2014, there is a total amount due and owing PNC under the Note $993,605.61, excluding attorney's fees and costs.  Interest continues to accrue on the Note at the default rate set forth in the Note.

WHEREFORE, the Plaintiff, PNC Bank, National Association respectfully requests that this Court enter judgment in its favor and against the defendant, Jose L. Velazquez, for the amounts due and owing under the Note in the amount of $993,605.61 plus default interest, attorneys' fees and additional costs accruing from and after September 16, 2014, and for such other and further relief as is just.

## COUNT VI - FORECLOSURE OF MORTGAGES - $1,089,475.00 LOAN

24.    The Plaintiff realleges and incorporates by reference paragraphs 1-16 above as paragraph 24 of this Count VI as if fully set forth herein.

25.    The Plaintiff files this Count VI pursuant to 735 ILCS 5/15-1101, et seq., to foreclose the Mortgage, and in connection therewith joins the following persons as defendants:

    (a)    Apartamentos Velazquez, Inc., an Illinois corporation
    (b)    Jose L. Velazquez

26.    Attached are the following exhibits which are true and correct copies of the originals thereof:

    A.    *Exhibit F* is a copy of the Note;
    B.    *Exhibit G* is a copy of the Mortgage;
    C.    *Exhibit H* is a copy of the Guaranty of Jose L. Velazquez; and
    D.    *Group Exhibit E* are copies of the Default Letters dated August 8, 2014 and September 16, 2014

27.    Information concerning the Mortgage:

    A.    Nature of Instrument:  Mortgage

    B.    Date of the Mortgage: August 1, 2007

    C.    Name of the Mortgagor:  Apartamentos Velazquez, Inc., an Illinois corporation

    D.    Name of Mortgagee:  Mid America Bank, fsb, predecessor to PNC Bank, National Association

E.  Date and place of recording of Mortgage for Cook County Property: August 8, 2007 in the Office of the Recorder of Deeds of Cook County, Illinois

F.  Identification of recording of Mortgage for Cook County Property: Document No. 0722046036

G.  Date and place of recording of Mortgage for DuPage County Property: August 9, 2007 in the Office of the Recorder of Deeds of DuPage County, Illinois

H.  Identification of recording of Mortgage for DuPage County Property: Document No. R2007-148922

I.  Interest subject to the Cook County Mortgage: Fee simple

J.  Amount of original indebtedness, including subsequent advances made under the Mortgage:

ONE MILLION EIGHTY-NINE THOUSAND FOUR HUNDRED SEVENTY FIVE AND 00/100THS DOLLARS ($1,089,475.00)

K.  Legal description, common address and property identification number of the mortgaged real estate:

Legal description:

PARCEL 1:
LOTS 1 AND 2 IN BLOCK 114 IN MELROSE, A SUBDIVISION OF PARTS OF SECTIONS 3 AND 10, TOWNSHIP 39 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS, ACCORDING TO THE PLAT THEREOF RECORDED AS DOCUMENT 1029393, IN COOK COUNTY, ILLINOIS

Permanent Index No. 15-03-305-002-0000

Commonly Known As: 1910-12 Division Street, Melrose Park, IL 60160

PARCEL 2:
LOT 94 IN GEORGE M. COLLINS VILLA PARK, BEING A SUBDIVISION IN THE NORTHWEST QUARTER OF SECTION 3, TOWNSHIP 39 NORTH, RANGE 11 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED DECEMBER 7, 1923 AS DOCUMENT 172335, IN DUPAGE COUNTY, ILLINOIS

Permanent Index No. 15-03-305-001-0000

Commonly Known As: 400 N. Beverly Avenue, Villa Park, IL 60181

L.  Statement as to defaults and amounts now due:

The mortgagors defaulted under the Mortgage for (i) failure to comply with the insurance requirements set forth in Section 6 of the Mortgage; and (ii) failure to comply with requirement to provide PNC Bank with copies of the Borrower's books, records and financial statements set forth in Section 16 of the Mortgage; and (iii) failure to provide the financial reporting information to PNC Bank as requested by PNC Bank.

The amount now due by Apartamentos Velazquez, Inc., an Illinois corporation to the Plaintiff as of September 16, 2014, not including additional attorneys' fees and expenses, appraisal fees, title charges and other costs incurred under the Loan Documents:

| | |
|---|---|
| Unpaid Principal | $991,052.00 |
| Unpaid Interest | 2,553.61 |
| TOTAL | $993,605.61 |

Interest continues to accrue on said balance at the default rate set forth in the Note.

M.  Name of present owner of the mortgaged premises:

Apartamentos Velazquez, Inc., an Illinois corporation

N.  Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

Jose L. Velazquez

O.  Name of defendants claimed to be personally liable for deficiency, if any:

Jose L. Velazquez

P.  Capacity in which Plaintiff brings this foreclosure: As mortgagee under the Mortgage recorded as Document No. 0722046036 and R2007-148922, and owner and holder of the subject Note.

Q.    Facts in support of shortened redemption period: The Mortgage expressly provides that the mortgagor waives any and all rights of redemption from sale under any order or decree of foreclosure of the Mortgage.

R.    Statement that the right of redemption has been waived by all owners of redemption: The Mortgage expressly provides that the mortgagor waives any and all rights of redemption from sale under any order or decree of foreclosure of the Mortgage.

S.    Facts in support of request for attorneys' fees, costs and expenses, if applicable: Plaintiff is entitled to recover all expenses including, but not limited to, attorney's fees and costs, that it incurs pursuant to the terms of the Mortgage.

T.    Facts in support of request for appointment of mortgagee-in-possession or for appointment of a receiver, and the identity of the receiver if sought: Plaintiff reserves the right to enforce any provisions of the Mortgage where by the Mortgagor authorized the appointment of a receiver upon the filing of a complaint to foreclose the Mortgage.

U.    Offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the Mortgage without judicial sale: The Plaintiff does not make such offer.

Z.    Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated, and, if not elsewhere stated, the facts in support thereof: Apartamentos Velazquez, Inc., an Illinois corporation and Jose L. Velazquez

Plaintiff requests for:

A.    an order for the appointment of a receiver, if requested;

B.    a judgment of foreclosure of the Mortgage and sale of the subject properties for payment of its lien and costs.

C.    confirmation of the foreclosure sale and issuance of a deed to the purchaser;

D.    personal deficiency judgments to the extent any should so exist at the time of confirmation of the foreclosure sale;

E.    a judgment for attorneys' fees, costs and expenses; and

F.    such other and further relief as the Court deems just.

### COUNT VII - BREACH OF CONTRACT - $1,263,366.00 LOAN

1-6.    Plaintiff realleges and incorporates by reference paragraphs 1-6 above as paragraphs 1-6 of this Count VII as if fully set forth herein.

7.    On or about August 1, 2007, Plaintiff, extended credit to Apartamentos Velazquez, Inc., an Illinois corporation ("Borrower") in the amount of $1,263,366.00 (the "Loan"). As evidence of the Loan, Borrower executed a Promissory Note ("Note") in favor of the Plaintiff dated August 1, 2007, in the principal amount of $1,263,366.00. A copy of which Note is attached hereto as *Exhibit I* and by express reference made a part hereof.

8.    As security for the indebtedness of Borrower due Plaintiff pursuant to the terms of the Note, including those obligations arising under the Note, Borrower executed a certain Mortgage dated August 1, 2007 and recorded with the Cook County Recorder of Deeds (the "Recorder"), as Document No. R2007-146101 (the "Mortgage") against the properties commonly known as 106-108 W. Terrace Street, Villa Park, Illinois 60181 and 1058 York Road, Bensenville, Illinois 60106 (collectively the "Property"). A copy of the Mortgage is attached hereto as *Exhibit J* and by express reference is made a part hereof.

9.      As additional security for the Loan, on or about August 1, 2007, Jose L. Velazquez executed and delivered to Plaintiff his Guaranty ("Guaranty"), whereby Jose L. Velazquez guaranteed payment of all amounts due in connection with the Loan and all obligations of Borrower under the Mortgage.  A copy of the Guaranty is attached hereto as *Exhibit K* and by express reference is made a part hereof.

10.      Borrower allowed events of default to occur under the terms of the Note and Mortgage due to Borrower's (i) failure to comply with the insurance requirements set forth in Section 6 of the Mortgage; and (ii) failure to comply with requirement to provide PNC Bank with copies of the Borrower's books, records and financial statements set forth in Section 16 of the Mortgage; and (iii) failure to provide the financial reporting information to PNC Bank as requested by PNC Bank.

11.      As a result of said defaults, the Plaintiff accelerated all indebtedness under the Note.

12.      On August 8, 2014 and then again on September 16, 2014, Plaintiff advised Borrower and Jose L. Velazquez of the default and demanded payment in full of all outstanding amounts due Plaintiff in connection with the Note and Mortgage.  A true and correct copy of Plaintiff's August 8, 2014 and September 16, 2014 correspondence are attached as *Group Exhibit E* and by express reference made a part hereof.

13.      Neither Borrower, Jose L. Velazquez, nor any party on behalf of the Borrower paid the amounts due Plaintiff with respect to the Note and Mortgage.

14.      That Plaintiff and its predecessor in interest National City Bank, successor in interest to Mid America Bank, fsb, fully complied with all terms of the Note and the Mortgage.

15.      As of September 16, 2014, there was (a) principal due and owing under the Note in the total amount of $1,149,062.15, (b) interest due and owing under the Note (at the Note Rate) in

the total amount of $2,960.37 and (c) additional legal and consultant fees and expenses, appraisal fees, and other costs incurred under the Note and Mortgage (collectively, the "Loan Documents") not included therein.

16.    By reason of the foregoing, based upon its breach of the Note, as of September 16, 2014, Apartamentos Velazquez, Inc., an Illinois corporation is indebted to the Plaintiff in the amount of $1,152,022.90 consisting of (a) principal due and owing under the Note in the total amount of $1,149,062.15, (b) interest due and owing under the Note (at the Note Rate) in the total amount of $2,960.37 and (c) additional legal and consultant fees and expenses, appraisal fees, and other costs incurred under the Note and Mortgage (collectively, the "Loan Documents") not included therein.

WHEREFORE, the Plaintiff, PNC Bank, National Association, successor to National City Bank, successor in interest to Mid America Bank, fsb, respectfully requests that this Court enter judgment in its favor and against the defendants Apartamentos Velazquez, Inc., an Illinois corporation in the amount of $1,152,022.90, plus interest, late charges, attorneys fees and additional costs accruing from and after September 16, 2014, and for such other and further relief as is just.

## COUNT VIII – BREACH OF GUARANTY - $1,263,366 LOAN

17.    The Plaintiff realleges and incorporates by reference paragraphs 1-16 above as paragraph 17 of this Count VIII as if fully set forth herein.

18.    In consideration of PNC's extension of the Loan to Borrower, on or about August 1, 2007, Jose L. Velazquez signed a Guaranty in favor of PNC. A true and correct copy of the Guaranty is attached hereto and incorporated as *Exhibit K*.

19.     The Guaranty is an unconditional and irrevocable guaranty of payment and performance pursuant to which Jose L. Velazquez guaranteed to PNC the punctual payment when due, whether at stated maturity or by acceleration or otherwise, of the indebtedness and other obligations of Apartamentos Velazquez, Inc., an Illinois corporation to PNC evidenced by the Note and any other amounts that may become owing by Apartamentos Velazquez, Inc., an Illinois corporation.

20.     Notwithstanding Borrower's default under the terms of the Note and Guaranty and Plaintiff's acceleration and demand for payment. Guarantor, Jose L. Velazquez, has made no payment on behalf of Borrower to satisfy the balance due and owing to PNC under the Note.

21.     Failure to satisfy all amounts due and owing to PNC under the Note is an event of default under the terms of the Guaranty.

22.     Pursuant to the terms of the Guaranty, PNC is entitled to attorneys' fees and costs incurred in connection with enforcing its rights under the Note and Guaranty.

23.     As of September 16, 2014, there is a total amount due and owing PNC under the Note $1,152,022.90, excluding attorney's fees and costs. Interest continues to accrue on the Note at the default rate set forth in the Note.

WHEREFORE, the Plaintiff, PNC Bank, National Association respectfully requests that this Court enter judgment in its favor and against the defendant, Jose L. Velazquez, for the amounts due and owing under the Note in the amount of $1,152,022.90 plus default interest, attorneys' fees and additional costs accruing from and after September 16, 2014, and for such other and further relief as is just.

## COUNT IX - FORECLOSURE OF MORTGAGE - $1,263,366 LOAN

24.     The Plaintiff realleges and incorporates by reference paragraphs 1-16 above as paragraph 24 of this Count IX as if fully set forth herein.

25.     The Plaintiff files this Count IX pursuant to 735 ILCS 5/15-1101, et seq., to foreclose the Mortgage, and in connection therewith joins the following persons as defendants:

    (a)     Apartamentos Velazquez, Inc., an Illinois corporation
    (b)     Jose L. Velazquez

26.     Attached are the following exhibits which are true and correct copies of the originals thereof:

    A.     *Exhibit I* is a copy of the Note;
    B.     *Exhibit J* is a copy of the Mortgage;
    C.     *Exhibit K* is a copy of the Guaranty of Jose L. Velazquez; and
    D.     *Group Exhibit E* are copies of the Default Letters dated August 8, 2014 and September 16, 2014

27.     Information concerning the Mortgage:

    A.     Nature of Instrument:  Mortgage

    B.     Date of Mortgage:     August 1, 2007

    C.     Name of Mortgagor:   Apartamentos Velazquez, Inc., an Illinois corporation

    D.     Name of Mortgagee:   Mid America Bank, fsb, predecessor to PNC Bank, National Association

    E.     Date and place of recording:   August 6, 2007 in the Office of the Recorder of Deeds of DuPage County, Illinois

    F.     Identification of recording:   Document No. R2007-146101

    G.     Interest subject to Mortgagee: Fee simple

    H.     Amount of original indebtedness, including subsequent advances made under the mortgage:

ONE MILLION TWO HUNDRED SIXTY THREE THOUSAND THREE HUNDRED SIXTY SIX AND 00/100THS DOLLARS ($1,263,366.00)

I.   Legal description, common address and property identification number of the mortgaged real estate:

Legal description:

PARCEL 1:
LOTS 15, 16 AND THE EAST HALF (EXCEPT THE WEST 7.42 FEET) OF LOT 17 IN BLOCK 4 IN ARDMORE HIGHLANDS, BEING A SUBDIVISION IN SECTION 4, TOWNSHIP39 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JANUARY 12, 1923 AS DOCUMENT 162022, IN DUPAGE COUNTY, ILLINOIS

Permanent Index No. 06-04-236-018

Commonly Known As: 106-108 W. Terrace Street, Villa Park, Illinois 60181

PARCEL 2:
LOT 11 (EXCEPT THE WEST 300 FEET THEREOF) OF ADDISON TOWNSHIP SUPERVISOR'S ASSESSMENT PLAT NUMBER 5, BEING THE PROPERTY KNOWN AS YORK GRAND ESTATES UNIT NUMBER 2, IN ADDISON TOWNSHIP, A PART OF THE NORTHEAST 1/4 OF SECTION 26, TOWNSHIP 40 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED AUGUST 9, 1944 AS DOCUMENT 465944, IN DUPAGE COUNTY, ILLINOIS.

Permanent Index No. 03-26-203-023

Commonly Known As:  1058 York Road, Bensenville, Illinois 60106

J.   Statement as to defaults and amounts now due:

The mortgagors defaulted under the Mortgage for (i) failure to comply with the insurance requirements set forth in Section 6 of the Mortgage; and (ii) failure to comply with requirement to provide PNC Bank with copies of the Borrower's books, records and financial statements set forth in Section 16 of the Mortgage; and (iii) failure to provide the financial reporting information to PNC Bank as requested by PNC Bank.

The amount now due by Apartamentos Velazquez, Inc., an Illinois corporation to the Plaintiff as of September 16, 2014, not including additional attorneys' fees and expenses, appraisal fees, title charges and other costs incurred under the Loan Documents:

| | |
|---|---|
| Unpaid Principal | $1,149,062.15 |
| Unpaid Interest | 2,960.37 |
| TOTAL | $1,152,022.90 |

Interest continues to accrue on said balance at the default rate set forth in the Note.

K.  Name of present owner of the mortgaged premises:

Apartamentos Velazquez, Inc., an Illinois corporation

L.  Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

Jose L. Velazquez

M.  Name of defendants claimed to be personally liable for deficiency, if any:

Jose L. Velazquez

N.  Capacity in which Plaintiff brings this foreclosure: As mortgagee under the Mortgage recorded as Document No. R2007-146101, and owner and holder of the subject Note.

O.  Facts in support of shortened redemption period: The Mortgage expressly provides that the mortgagor waives any and all rights of redemption from sale under any order or decree of foreclosure of the Mortgage.

P.  Statement that the right of redemption has been waived by all owners of redemption: The Mortgage expressly provides that the mortgagor waives any and all rights of redemption from sale under any order or decree of foreclosure of the Mortgage.

Q.  Facts in support of request for attorneys' fees, costs and expenses, if applicable: Plaintiff is entitled to recover all expenses including, but not limited to, attorney's

fees and costs, that it incurs pursuant to the terms of the Mortgage.

R.     Facts in support of request for appointment of mortgagee-in-possession or for appointment of a receiver, and the identity of the receiver if sought: Plaintiff reserves the right to enforce any provisions of the Mortgage where by the Mortgagor authorized the appointment of a receiver upon the filing of a complaint to foreclose the Mortgage.

S.     Offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the Mortgage without judicial sale: The Plaintiff does not make such offer.

T.     Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated, and, if not elsewhere stated, the facts in support thereof: Apartamentos Velazquez, Inc., an Illinois corporation and Jose L. Velazquez

Plaintiff requests for:

A.     an order for the appointment of a receiver, if requested;

B.     a judgment of foreclosure of the Mortgage and sale of the subject property for payment of its lien and costs.

C.     confirmation of the foreclosure sale and issuance of a deed to the purchaser;

D.     personal deficiency judgments to the extent any should so exist at the time of confirmation of the foreclosure sale;

E.     a judgment for attorneys' fees, costs and expenses; and

F.     such other and further relief as the Court deems just.


                                        PNC Bank, National Association, successor to
                                        National City Bank, successor in interest to Mid
                                        America Bank, fsb

                                        By:_____ /s/ James M. Crowley_____
                                                   One of its Attorneys


James M. Crowley, Esq.  (ARDC #06182597)
Francis J. Pendergast, III, Esq. (ARDC #3127593)
CROWLEY & LAMB, P.C.
221 N. LaSalle Street, Suite 1550
Chicago, Illinois 60601
(312) 670-6900
jcrowley@crowleylamb.com
fpendergast@crowleylamb.com